IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL SHAFFAR,**

      **Petitioner,**

vs.                                             NO. 05cv864 RB/WDS

**ERASMO BRAVO, Warden**

      **Respondents**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Michael Shaffar. Shaffar is proceeding *pro se*. Respondents filed an answer to the Petition, followed by a motion to dismiss that was filed on September 19, 2005. (Doc. 10) Petitioner filed a response to the motion to dismiss on May 19, 2006. (Doc. 15) The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied. The court makes the following findings and recommended disposition.

## CLAIMS

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Petitioner makes the following allegations in his petition: 1) Ineffective assistance of counsel; 2) Prosecutorial misconduct; 3) Failure to preserve evidence; 4) Lack of a speedy trial; and 5) Judicial bias.

## FACTUAL AND PROCEDURAL BACKGROUND

Shaffar was convicted of one count of murder in the first degree (felony murder) and one count of armed robbery, along with several lesser felonies. The trial court ordered that all sentences were to run consecutively for a total prison term of 54 years. In July 2002 Petitioner filed a direct appeal of his conviction. The Supreme Court of New Mexico affirmed Petitioner's conviction on August 8, 2003. On August 25, 2004 Petitioner filed his first habeas corpus petition in Dona Ana County, which was summarily dismissed on November 29, 2004. Petitioner then filed a second petition in Dona Ana County on December 13, 2004, which was denied on January 3, 2005. Petitioner filed a Writ of Certiorari to the New Mexico Supreme Court on January 31, 2005. The petition was denied on February 4, 2005.

The instant Petition, filed August 12, 2005, followed.

## STANDARD OF REVIEW

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies. Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner must also satisfy the

jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. §2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). In *Hoggro v. Bonne*, 150 F.3d 1223 (10th Cir. 1998) the Tenth Circuit construed the statutory language and set forth the procedure for calculating the one-year limitation period. Mr. Shaffar's one-year limitations period began to run on November 6, 2003, 90 days after the New Mexico Supreme Court affirmed Petitioner's conviction. See *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The limitation period ran for 293[2] days until Petitioner filed his State habeas petition on August 25, 2004. That petition was denied on November 29, 2004, and Petitioner filed a second petition on December 13, 2004. The second petition was denied on January 3, 2005. Petitioner filed a writ of certiorari to the New Mexico Supreme Court on January 31, 2005. The petition was denied on February 4, 2005.

---

[2]Since 2004 was a leap year, February contained 29 days.

The filing of a State habeas petition or other collateral review tolls the limitations period, it does not reset the one-year clock to zero. Accordingly, the limitations clock started running again on May 6, 2005, 90 days after the Supreme Court's February 4, 2005 denial of Mr. Shaffar's petition for a writ of certiorari. The instant petition was not filed until August 12, 2005, 98 days later, or a total of 391[3] days after Petitioner's judgment became final.

Therefore, the instant petition is time barred, since it was filed after the one-year statute of limitations period expired. In light of the fact that the pleading is time barred, the Court does not have jurisdiction to address the merits of the Petition.

### RECOMMENDED DISPOSITION

The Court recommends that Michael Shaffar's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, filed August 12, 2005 be DISMISSED WITH PREJUDICE.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**

---

[3] In its brief, Respondent avers that a total of 387 days, not 391 days, elapsed before Mr. Shaffar filed his federal habeas corpus petition. As noted earlier, Respondent does not appear to have counted February 29, 2004. Additionally, Respondent references August 10, 2005 as Petitioner's filing date, instead of August 12, 2005. These adjustments lengthen the amount of time Petitioner was over the one-year limit, and do not change the legal analysis set forth in the motion to dismiss.